IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

CYNTHIA S. CONLEY,                    )
                                      )
                Plaintiff             )          Civil No. 06-1332-KI
                                      )
        v.                            )          OPINION AND ORDER
                                      )
MICHAEL J. ASTRUE,                    )
                                      )
                                      )
                Defendant.            )

David B. Lowry
9900 S.W. Greenburg Road, Suite 235
Portland, OR 97223

        Attorney for Plaintiff

KARIN J. IMMERGUT
United States Attorney
NEIL J. EVANS
Assistant United States Attorney
1000 S.W. Third Avenue, Suite 600
Portland, OR 97204-2904

JOANNE E. DANTONIO
Special Assistant U.S. Attorney
Social Security Administration
701 Fifth Avenue, Suite 2900, M/S 901
Seattle, WA 98104-7075

        Attorneys for Defendant

KING, District Judge:

Plaintiff Cynthia Conley seeks judicial review of the Social Security Commissioner's final decision denying her application for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI") under Titles II and XVI of the Social Security Act. This court has jurisdiction under 42 U.S.C. §§ 405(g) and 1383(c). The Commissioner's final decision is affirmed.

## BACKGROUND

Born in 1961, Conley earned a GED in 1994. Tr. 86, 104.[1] Between 1998 and 2002 Conley worked as cashier, "printing driver," resident trainer for caregivers, and administrative assistant. Tr. 99. She reports additional work as a cashier, fast food cook, and community center driver at unspecified dates. *Id.*

Conley applied for DIB and SSI in July 2002. Tr. 86-88.[2] Her application alleged disability since September 24, 2000, due to cervical and lumbar spine injuries. Tr. 98.

The Commissioner denied Conley's applications initially and upon reconsideration. Tr. 50-54, 63-65, 643-46, 649-51. An Administrative Law Judge ("ALJ") held a hearing on February 17, 2005. Tr. 661-732. On June 6, 2005, the ALJ issued an unfavorable decision. Tr. 23-47. The Appeals Council admitted additional evidence into the record but denied review, making the ALJ's decision the final decision of the Commissioner. Tr. 9-12. Conley presently appeals.

---

[1]Citations "Tr." refer to indicated pages in the official transcript of the administrative record filed with the Commissioner's Answer on March 1, 2007 (Docket #13).

[2]The file does not contain Conley's SSI application, but it contains subsequent SSI denial decisions, indicating that Conley appropriately filed an SSI application.

2 - OPINION AND ORDER

## DISABILITY ANALYSIS

The Commissioner engages in a sequential process encompassing between one and five steps in determining disability under the meaning of the Act. 20 C.F.R. §§ 404.1520, 416.920, *Bowen v. Yuckert*, 482 U.S. 137, 140 (1987).

At step one, the ALJ determines if the claimant is performing substantial gainful activity. If she is, the claimant is not disabled. 20 C.F.R. §§ 404.1520(a)(4)(i), 416.920(a)(4)(i). At step two, the ALJ determines if the claimant has "a severe medically determinable physical or mental impairment" that meets the twelve month duration requirement. 20 C.F.R. §§ 404.1509, 404.1520(a)(4)(ii), 416.909; 416.920(a)(4)(ii). If the claimant does not have such a severe impairment, she is not disabled. *Id.*

At step three, the ALJ determines whether the severe impairment meets or equals a "listed" impairment in the regulations. 20 C.F.R. §§ 404.1520(a)(4)(iii), 416.920(a)(4)(iii). If the impairment is determined to equal a listed impairment, the claimant is disabled.

If adjudication proceeds beyond step three the ALJ must first evaluate medical and other relevant evidence in assessing the claimant's residual functional capacity ("RFC"). The claimant's RFC is an assessment of work-related activities the claimant may still perform on a regular and continuing basis, despite limitations imposed by her impairments. 20 C.F.R. §§ 404.1520(e), 416.920(e), Social Security Ruling ("SSR") 96-8p.

The ALJ uses this information to determine if the claimant can perform her past relevant work at step four. 20 C.F.R. §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv). If the claimant can perform her past relevant work, she is not disabled. If the ALJ finds that the claimant's RFC precludes

3 - OPINION AND ORDER

performance of her past relevant work the ALJ proceeds to step five.

At step five the Commissioner must determine if the claimant is capable of performing work existing in the national economy. *Yuckert*, 482 U.S. at 142; *Tackett v. Apfel*, 180 F.3d 1094, 1099 (9th Cir. 1999); 20 C.F.R. §§ 404.1520(a)(4)(v), 404.1520(f), 416.920(a)(4)(v); 416.920(f). If the claimant cannot perform such work, she is disabled. *Id.*

The initial burden of establishing disability rests upon the claimant. *Tackett*, 180 F.3d at 1098. If the process reaches the fifth step, the burden shifts to the Commissioner to show that "the claimant can perform some other work that exists in the national economy, taking into consideration the claimant's residual functional capacity, age, education, and work experience." *Id.* at 1100. If the Commissioner meets this burden the claimant is not disabled. 20 C.F.R. §§ 404.1520(g), 404.1566, 416.920(g), 416.966.

Conley challenges the ALJ's evaluation of the evidence and his conclusion that she could perform work in the national economy.

## **THE ALJ'S FINDINGS**

The ALJ found Conley's lumbar strain, chronic obstructive pulmonary disease, and depression "severe" at step two in the sequential proceedings. Tr. 46. At step three the ALJ found that Conley did not have impairments meeting or equaling a listed impairment. *Id.* The ALJ found Conley's testimony "concerning her ability to work" not "entirely credible" and assessed Conley's RFC as "light exertion" with "non-exertional limitations." Tr. 32, 46. At steps four and five the ALJ found Conley could perform her past relevant work as well as work in the national economy. *Id.* The ALJ therefore found Conley not disabled at any time through the date of her decision.

## STANDARD OF REVIEW

The reviewing court must affirm the Commissioner's decision if the Commissioner applied proper legal standards and the findings are supported by substantial evidence in the record. 42 U.S.C. § 405(g); *Batson v. Commissioner for Social Security Administration*, 359 F.3d 1190, 1193 (9th Cir. 2004). This court weighs the evidence supporting and detracting from the ALJ's conclusion. *Magallanes v. Bowen*, 881 F.2d 747, 750 (9th Cir. 1989). The reviewing court "may not substitute its judgment for that of the Commissioner." *Edlund v. Massanari*, 253 F.3d 1152, 1156 (9th Cir. 2001). Variable interpretations of the evidence are insignificant if the Commissioner's interpretation is a rational reading of the record. *Magallanes*, 881 F.2d at 750; *see also Batson*, 359 F.3d at 1193.

## DISCUSSION

Conley contends the ALJ erred in her evaluation of the medical evidence, her testimony, and that of lay witnesses. She subsequently contends the ALJ erred in her RFC assessment and findings at steps four and five of the sequential analysis.

**I.      The ALJ's Step Two Findings**

Conley first argues that the ALJ failed to find her fibromyalgia, pain disorder, sleep apnea, and migraines severe at step two. Pl. Opening Br. 27, 29-31.

At step two in the sequential proceedings, the ALJ determines if the claimant has a "severe" impairment. 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii). An impairment is "severe" if it "significantly limits your ability to do basic work activities." 20 C.F.R. §§ 404.1520(c), 416.920(c), *see also* 20 C.F.R. §§ 404.1521, 416.921. Such an impairment must last, or be expected to last, twelve months. 20 C.F.R. §§ 404.1509, 416.909.

The ALJ's analysis of the medical record is discussed below.  Presently, this court notes that the ALJ's analysis at steps four and five must consider all of a claimant's impairments, both severe and non-severe.  20 C.F.R. §§ 404.1545(a)(2), 416.945(a)(2).  Because the ALJ proceeded beyond step three, any omission regarding a step two severity finding is inconsequential.  *Lewis v. Astrue*, __ F.3d ___ (9th Cir. 2007) (2007 WL 2325018) at *2.

## II.    Medical Source Statements

Conley challenges the ALJ's evaluation of examining physician Dr. Gandler and medical expert Dr. DeBolt.  Pl. Opening Br. 25-29.  Conley also challenges the ALJ's assessment of her depression.  Pl. Opening Br. 36.

Generally, a treating physician is accorded greater weight than an examining physician.  *Edlund*, 253 F.3d at 1157.  If the opinion of a treating or examining physician is contradicted, then an ALJ need only set out specific and legitimate reasons supported by substantial evidence.  *Bayliss v. Barnhart*, 427 F.3d 1211, 1216 (9th Cir. 2005).  This evaluation must "set out a detailed and thorough summary of the facts and conflicting clinical evidence."  *Magallanes*, 881 F.2d at 751.  Disability opinions are furthermore reserved for the Commissioner.  20 C.F.R. §§ 404.1527(e)(1), 416.927(e)(1).

### A.    Examining Physician Dr. Gandler

Conley contends that the ALJ improperly rejected the opinion of rheumatologist Dr. Gandler.  Pl. Opening Br. 26-29.  Conley reiterates Dr. Gandler's fibromyalgia diagnosis, but does not identify work-related limitations the ALJ ignored.  *Id.*  Conley does not challenge the ALJ's analysis of Dr. Gandler as an examining physician.

6 - OPINION AND ORDER

***i.***     ***Dr. Gandler's Clinical Record***

The ALJ discussed Dr. Gandler's February 2004 clinical findings, and his conclusion that

Conley met criteria for a fibromyalgia diagnosis. Tr. 28.

The record shows that Dr. Gandler evaluated Conley on February 12, 2004, assessing

palletefemoral knee pain, chronic myofascial pain"involving the neck and upper back and low back,"

flexor wrist pain, and trochanter area pain. Tr. 599. Dr. Gandler concluded,

> If these pains ocurred individually I might suspect anserine bursitis,
> trochanteric bursitis or flexor tendinitis in the wrists. However, in the
> context of multiple soft tissue problems begning at the time of an
> injury to her back and also chronic poor sleep, fatigue and
> paresthesias unexplianed by nerve tests, I think that fibromyalgia is
> the better explanation for her symptoms. She meets criteria to make
> this diagnosis. There is a suggestion by history that her sleep
> disturbance is restless leg syndrome. An additional potential problem
> is chronic hepatitis C. Many patients with chronic hepatitis C have
> chronic pain and fatigue and many meet criteria to diagnose
> fibromyalgia . . . I would recommend checking [Conley] for hepatitis
> C.

Tr. 599-600.

The ALJ first noted that "Dr. Gandler has apparently relied on the history of the claimant"

in his clinical assessment. Tr. 28. The ALJ may appropriately reject a physician opinion predicated

upon reports of a claimant found not credible. *Tonapetyan v. Halter*, 242 F.3d 1144, 1148 (9th Cir.

2001).

The ALJ also correctly inferred that Dr. Gandler's fibromyalgia diagnosis is not controlling,

stating, "Dr. Gandler has not treated the claimant. He saw the claimant once for evaluation . . . Dr.

Gandler did not corroborate the claimant's history with other findings of record, including

examinations by other medical sources." Tr. 31. The ALJ finally noted that Dr. Gandler's May 2004

7 - OPINION AND ORDER

report assessing Conley's limitations is inconsistent with limitations assessed by treating physician Dr. McHarris.  *Id.*

This discussion appropriately gave greater weight to treating physician Dr. McHarris. *Edlund*, 253 F.3d at 1157.  The ALJ's reasoning is supported by substantial evidence and is affirmed.

**ii.     The ALJ's Duty to Develop the Record**

An ALJ's duty to develop the record is triggered when ambiguities arise. *Mayes v. Massinari*, 276 F.3d 453, 459-60 (9th Cir.2001).  Here, the ALJ discussed ten additional treating and examining physicians.  Tr. 25-43.  These physicians are Drs. Davies, Gripekoven, Tidball, Platt, Leadbetter, Cobasko, Sapp, Leonard, Tewfik, and McHarris.  *Id.*  None of these physicians suggested Conley has adequately supported limitations based upon a fibromyalgia diagnosis.  This extensive record does not suggest an ambiguity regarding Conley's limitations and does not warrant further development.

For these reasons, the ALJ's rejection of Dr. Gandler's opinion is supported by substantial evidence.  *See Bayliss*, 427 F.3d at 1216.  Further arguments regarding the ALJ's evaluation of medical expert Dr. DeBolt and Dr. Gandler's opinion need not be considered.

**B.     Conley's Mental Impairments**

Conley contends the ALJ failed to apply the appropriate legal standards in assessing her depression.  Pl. Opening Br. 36.

The regulation states:

> At the administrative law judge hearing and Appeals Council levels . . . the written decision must incorporate the pertinent findings and conclusions based on the [specified regulatory] technique.  The decision must show the signficant history, including examination and

> laboratory findings, and the functional limitaiotns that were
> considered in reaching a conclusion about the severity of the
> mental impairment(s). The decision must also include a specific finding as
> to the degree of limitation in each of the functional areas described in
> paragraph (c) of this section.

20 C.F.R. §§ 404.1520a(e)(2), 416.920(a)(e)(2).

The ALJ discussed Conley's treating physician's assessment of her mental health, specifically noting Dr. Sapp's November 2002 records. Tr. 26-27, *citing* exhibit "15F/139" (tr. 459). The ALJ concluded:

> Regarding the claimant's depression, the undersigned considered
> criteria "B" and "C" of the affective disorders of the Listing of
> Impairments. The undersigned finds that the record has not shown
> limitations at a "marked" or "extreme" degree of functional areas
> such as activities of daily living; socialization; concentration,
> persistence and pace, and episodes of decompensation. The
> undersigned notes that the claimant did not have an evaluation by a
> psychologist or psychiatrist, and did not receive any significant
> mental health treatment other than antidepressant medication.

Tr. 32.

Conley suggests this analysis is insufficient under 20 C.F.R. § 404.1520a. Pl. Opening Br. 36. This court finds that the ALJ provided identifiable reasons for her decision based upon the record. As the ALJ noted, the record does not show longitudinal mental health treatment or supported mental limitations. Tr. 32. The record indicates diagnoses of depression and anxiety between November 2002 and April 2003 only. Tr. 443, 447, 459. No treating or examining physician of record suggested Conley has work-related limitations due to her alleged mental impairments.

Conley also suggests the ALJ erroneously emphasized that she did not receive specialist

psychiatric treatment.  Pl. Opening Br. 31.  While an ALJ may not dismiss a claimant's psychiatric treatment because it was provided by a general physician, such reasoning does not extend to crediting all mental health treatment provided by a general physician. *Sprague v. Bowen*, 812 F.2d 1226, 1232 (9th Cir. 1987).

The ALJ appropriately noted the relevant aspects of the specified criteria.  Her findings regarding Conley's mental impairments are supported by substantial evidence and are affirmed.

## III.    Conley's Credibility

Conley contends that the ALJ failed to provide clear and convincing reasons for finding her not credible. Pl. Opening Br. 33-35.  Conley specifically submits that because her impairments could reasonably be expected to cause her reported symptoms, the ALJ should have found her credible. Pl. Opening Br. 34-35.

The ALJ must evaluate a claimant's credibility in order to properly consider the claimant's testimony regarding symptoms and pain.  The ALJ's credibility findings must be "sufficiently specific to permit the reviewing court to conclude that the ALJ did not arbitrarily discredit the claimant's testimony." *Orteza v. Shalala*, 50 F.3d 748, 750 (9th Cir. 1995).  Absent evidence of malingering, an ALJ must provide "clear and convincing" reasons for finding a claimant not credible." *Smolen v. Chater*, 80 F.3d 1273, 1281 (9th Cir. 1996).  The ALJ may cite malingering as a reason for finding a claimant not credible.  *See id.*

The ALJ repeatedly discussed Conley's credibility throughout her twenty-five page decision. Tr. 23-47.  The ALJ noted physician observations that Conley's limitations had a "functional component," suggestions of "exaggeration," and a finding of questionable malingering.  Tr. 33, 38.

10 - OPINION AND ORDER

These are acceptable reasons for questioning Conley's credibility.  *Smole*n, 80 F.3d at 1284.

The ALJ also cited Conley's reported reasons for quitting her job and inconsistent statements Conley made regarding physical therapy treatment.  Tr. 39.   The ALJ may cite such inconsistencies.  *Smolen*, 80 F.3d at 1284.

Finally, the ALJ cited Conley's daily activities.  Tr. 37.  Conley submits these activities are "minimal."  Pl. Opening Br. 35.  The Ninth Circuit notes, "Although the evidence of [a claimant's] daily activities may also admit of an interpretation more favorable to [claimant], the ALJ's interpretation was rational, and "[w]e must uphold the ALJ's decision where the evidence is susceptible to more than one rational interpretation."  *Burch v. Barnhart*, 400 F.3d 676, 680-81 (9th Cir. 2005) (*citing Magallanes*, 881 F.2d at 750).  This court defers to the ALJ's interpretation of Conley's daily activities.

In summary, the ALJ provided acceptable reasons for finding Conley not credible.  Conley has failed to point to errors in the ALJ's credibility decision warranting reversal.  This court must affirm the ALJ's credibility decision when the ALJ presented adequate reasoning.  *Batson*, 359 F.3d at 1197. The ALJ's credibility decision is affirmed.

## IV.    Lay Witness Testimony

Conley contends that the ALJ inappropriately evaluated statements submitted by her husband, Alvin Prather, and friend, Debra Sanderson.  Pl. Opening Br. 32.

The ALJ has a duty to consider lay witness testimony.   20 C.F.R. §§ 404.1513(d), 404.1545(a)(3), 416.913(d), 416.945(a)(3); *Lewis v. Apfel*, 236 F.3d 503, 511 (9th Cir. 2001). Friends and family members in a position to observe the claimant's symptoms and daily activities

are competent to testify regarding the claimant's condition. *Dodrill v. Shalala*, 12 F.3d 915, 918-19 (9th Cir. 1993). The ALJ may not reject such testimony without comment, but may reject lay testimony inconsistent with the medical evidence. *Nguyen v. Chater*, 100 F.3d 1462, 1467 (9th Cir. 1996); *Lewis*, 236 F.3d at 512.

### A.    Alvin Prather

The ALJ noted Prather's testimony that Conley is "easily tired. She is in pain 80% of the time. She vacuums, and does dishes for 10 minutes, and then sits or lies down. Her hips hurt. She has a slow pace. She gets depressed a lot. She becomes irritable. She has to be reminded of things." Tr. 33. The ALJ concluded, "The undersigned finds this testimony has not been sustained by the objective findings of record, or otherwise has not provided adequate evidence in support of limitations other than those described in the undersigned's assessment of the claimant's residual functional capacity. This testimony is not entirely credible." *Id.*

Prather testified at Conley's hearing. Tr. 724-729. Prather stated that he observed Conley's limp. Tr. 725. He also stated that Conley tires easily, requires rest after walking half a block or performing household chores for ten minutes. Tr. 726-28. Prather also stated that Conley drops small items, such as dishes. Tr. 728. Finally, Prather testified that Conley experiences pain, appears bothered by pain eighty percent of the time, cries frequently, and experiences memory problems. Tr. 727-29.

### B.    Debra Sanderson

Sanderson completed an "activities of daily living report" and submitted a letter to the record in February 2005. Tr. 140-51, 306-313. The ALJ discussed Sanderson's February 2005 submission:

> [Sanderson] stated that the claimant's activities of daily living are
> "markedly" limited; her social functioning "moderately" limited; her
> concentration persistence and pace, "markedly" limited, and she has
> had "marked" episodes of decompensation.  Ms. Anderson [sic]
> explained her conclusions about the referred degrees of limitations.
> (Exhibit 30E/213-216).  However, the undersigned does not give any
> weight to this assessment because Ms. Anderson [sic] is not a
> psychologist or psychiatrist, who are ultimately the medically
> acceptable sources of record authorized to offer an opinion of the
> degree of limitations in the identified functional areas.  This type of
> assessment by a layperson is inappropriate.

Tr. 33.

Sanderson's February 2005 report stated that Conley has "a hard time getting around," "is lucky if she makes it to her own mailbox," relies upon a cane, and cannot leave home alone because she is afraid of falling.  Tr. 307, 309, 311-12.  Sanderson also stated that Conley has difficulty concentrating and is forgetful because of her pain.  Tr. 307-08.

### C.    Analysis

The ALJ may disregard lay testimony inconsistent with the medical record.  *Lewis*, 236 F.3d at 512.  The medical record does not support the statements of Prather and Sanderson that Conley has a memory impairment, has difficulty grasping objects, or requires a cane.  The ALJ noted this discrepancy and, hence, provided an "arguably germane" reason for rejecting their testimony.  *Id.* The ALJ's RFC accounted for Prather's remaining observations regarding Conley's medically supported complaints of fatigue and depression.  The ALJ's analysis of testimony submitted by Prather and Sanderson is affirmed

### V.    Residual Functional Capacity and Social Security Ruling 96-8p

Conley submits that the ALJ failed to accurately assess her residual functional capacity before

13 - OPINION AND ORDER

proceeding to steps four and five of the sequential analysis. Conley specifically contends that the ALJ improperly applied Social Security Ruling 96-8p in reaching her RFC calculation.

### A.    "Regular and Continuing Employment"

SSR 96-8p states, "The RFC assessment considers only functional limitations and restrictions that result from an individual's medically determinable impairment or combination of impairments, including the impact of any related symptoms." SSR 96-8p (1996 WL 374186) at *1. Conley states that the ALJ "accepted the opinions of [general physician] Dr. McHarris who opined that plaintiff would likely experience substantial difficulty with stamina, pain or fatigue if working full time. Pl. Opening Br. 37. Conley subsequently infers that the ALJ failed to incorporate these findings into her RFC assessment and that, if accepted, these limitations would prevent her from performing sustained work activity.

The ALJ noted Dr. McHarris's treatment notes throughout her decision. Tr. 29-31, 37-38, 40-43. Conley does not challenge the ALJ's analysis of Dr. McHarris's treatment records. Conley's indicated citation shows that Dr. McHarris stated, "I don't believe that [Conley] is incapable of work. She *might* need a modified environment or schedule." Tr. 596 (emphasis added). Conley's submission regarding Dr. McHarris's alleged limitation is therefore not based upon the record.

RFC limitations must be supported by medical and other evidence of record. 20 C.F.R. §§ 404.1545, 416.945. Because this court affirms the ALJ's analysis of the medical record, discussed above, further consideration of the medical record, including Dr. Gandler, is unnecessary.

RFC limitations must also account for any pain testimony unless the ALJ finds the claimant not credible. 20 C.F.R. §§ 404.1545(a)(i), 416.945(a)(i), *see Smollen*, 80 F.3d at 1284. Here, the

14 - OPINION AND ORDER

ALJ appropriately found Conley not credible for the reasons discussed above. The ALJ was therefore not required to include limitations stemming from Conley's subjective reports in his RFC calculation.

### B.    Severity and Combined Effects of Impairments

Conley argues that the ALJ committed legal error in failing to discuss "all" of her impairments, including her non-severe impairments. Pl. Opening Br. 38.

Conley claims the ALJ here "ignored" or improperly rejected her sleep apnea, migraines, bursitis, restless legs syndrome, anxiety, and fibromyalgia. Pl. Opening Br. 38. The ALJ discussed Conley's sleep apnea, migraines, bursitis, anxiety and fibromyalgia. Tr. 26-27, 29-31. The record contains one reference to sleepless legs syndrome, with no supporting clinical notes or observations. Tr. 495. The ALJ's omission of this reference is therefore harmless. *See Bayliss*, 427 F.3d at 1216.

Except as noted, Conley's contention that the ALJ "ignored" these impairments is therefore not based upon the record. Conley has additionally failed to show reversible error in the ALJ's analysis of medical opinions, discussed above. For these reasons, this court finds the ALJ's summary of the evidence sufficient in considering the combined effects of Conley's impairments.

### C.    Physical and Postural Limitations

Conley states that "the ALJ's RFC is contrary to law because it lacks specificity about postural limitations, including reaching and handling limitations." Pl. Opening Br. 40. Conley provides no authority for this submission. *Id.*

The ALJ noted postural limitations, stating that Conley can "sit, stand and walk eight hours in a normal workday with changes of position every hour. She is able to perform postural activities

and physical functions of work at least occasionally and as often as frequently." Tr. 32. Conley's submission is not based upon the record and therefore fails.

### D. Reviewing Physician RFC Assessments

Conley finally submits that the ALJ failed to follow SSR 96-8p because the file does not contain an RFC assessment by Disability Determination Services[3] ("DDS") reviewing physicians. Pl. Opening Br. 40.

RFC assessments are based upon the entire record and are reserved for the Commissioner. 20 C.F.R. §§ 404.1545(a)(1), 404.1527(e)(2), 416.945(a)(1),416.927(e)(2). The ALJ cited DDS physician opinions. Tr. 43. Conley points to no authority supporting her submission that the ALJ's decision was flawed because the file does not contain an RFC assessment formulated by DDS physicians. This submission fails.

In summary, Conley fails to articulate any error in the ALJ's RFC assessment under SSR 96-8p.

## VI. Residual Functional Capacity and SSR 85-15

Conley suggests that the ALJ "acknowledged a need for a 'low stress,' 'simple' job," but that her RFC assessment omits such limitations. Pl. Opening Br. 39. Conley cites SSR 85-15 as authority for this proposition. *Id.*

SSR 85-15 addresses "decisions concerning persons who have only a nonexertional limitation(s) of function or environmental restriction(s)." SSR 85-15 (1985 WL 56857) at *1. The

---

[3]DDS is a federally-funded state agency that makes eligibility determinations on behalf and under the supervision of the Social Security Administration pursuant to 42 U.S.C. § 421(a) and 20 C.F.R. §§ 404.1503, 416.903.

ALJ's RFC encompassed both exertional and nonexertional limitations. SSR 85-15 is therefore inapplicable. Conley additionally fails to show that the ALJ erroneously omitted mental impairments and subsequent nonexertional limitations from her analysis. This submission fails.

## VII.    The ALJ's Step Four Finding

Conley submits the ALJ's step four findings are "contradictory" because the ALJ "specifically found that plaintiff's past work was not [substantial gainful activity] therefore such work cannot qualify as [past relevant work] under step four as a matter of law." Pl. Opening Br. 41, citing 20 C.F.R. § 404.1560(b)(1). The ALJ in fact found that "the record is not really clear as to whether the referred jobs constituted substantial gainful activity." Tr. 44. For this reason the ALJ made alternate findings at step five. Because the ALJ proceeded beyond step four of the sequential analysis, any ambiguity at step four is inconsequential and will not be addressed.

## VIII.    The ALJ's Step Five Finding

Drawing upon the testimony of a vocational expert ("VE"), the ALJ found Conley could perform additional work in the national economy at step five. Tr. 55-60. The ALJ's hypothetical questions to the VE included limitations supported by the medical evidence. Tr. 58. In making her findings based upon the VE's testimony, the ALJ did not include additional limitations suggested by Conley's counsel. The VE stated that a hypothetical individual with Conley's supported RFC could perform work as a booth cashier, administrative clerk, ticket seller, information clerk, or electrode cleaner. Tr. 720.

### A.    Supported Limitations

Conley argues that the ALJ's hypothetical questions to the VE failed to reflect all of her

limitations.  Pl. Opening Br. 41.

The ALJ is not required to include unsupported limitations in his hypothetical questions to a VE.  *Osenbrock v. Apfel*, 240 F.3d 1157, 1163-64 (9th Cir. 2001).  For the reasons established above, Conley fails to show substantive error in the RFC assessment.  The ALJ appropriately relied upon this RFC and the VE's testimony in her step five finding.  *Id*.  Conley fails to show error in the ALJ's questions to the VE.

**B.      Transferable Skills**

Conley also argues that the ALJ erroneously failed to consider transferable skills in her step five analysis.  Pl. Opening Br. 42.  An ALJ need only consider transferable skills if she finds a claimant unable to perform past relevant work "and that work has been determined to be skilled or semiskilled."  SSR 82-41 (available at 1982 WL 31389) at *1.  Conley does not address this requirement.  Pl. Opening Br. 42.

Furthermore, defendant correctly asserts that the VE identified four unskilled jobs Conley could perform.  Def. Br. 26, tr. 720-21.  The VE also identified a fifth "information clerk" position which requires semi-skilled abilities.  Tr. 721.  This court agrees that the remaining four jobs identified by the VE allow an adequate step five finding.  Consideration of transferable skills regarding the fifth position is thus unnecessary.

**C.      Availability of Jobs in the National Economy**

Conley finally contends that "an . . . error of law occurred due to the absence of any foundation for the VE's testimony about the number of jobs available."  Pl. Opening Br. 43.

The VE identified five occupations that a person with Conley's vocational factors of age,

18 - OPINION AND ORDER

education, work experience and RFC could perform.  Tr. 720.  Based upon this testimony, the ALJ

found that Conley could perform work existing in the national economy.  Tr. 45-46.

Conley contends the VE's testimony lacked foundation and should be disregarded under

*Daubert v. Merrell Dow Pharm., Inc.*, 509 US 579, 598 (1993).  In *Daubert*, the Supreme Court

ruled on the prerequisites for admissibility in federal trials of purported scientific evidence under

Rule 702 of the Federal Rules of Evidence.  *Id.*  Under Rule 702, a district court judge must ensure

that a purported expert's opinion rests on a reliable foundation and is relevant.  *Id.*  Conley contends

the VE's testimony regarding the number of jobs in each occupation is inadmissible because the ALJ

did not ensure that it was based on a reliable foundation.

This argument cannot be sustained because *Daubert* and Rule 702 have no application in the

context of administrative hearings before an ALJ.  An ALJ may receive evidence at such hearings

even though the evidence would not be admissible in court under the rules of evidence used by the

court.  20 CFR §§ 404.950(c), 416.1450(c).  The VE's expertise provides the necessary foundation

and no additional foundation is necessary.  *Bayliss v. Barnhart*, 427 F3d 1211, 1218 n. 4 (9th Cir

2005).

Although Conley argues at length that *Bayliss* was incorrectly decided, she fails to offer any

grounds by which the ALJ can avoid its holding.  Conley's attorney  chose not to ask the VE to

describe the sources she consulted in estimating the number of jobs existing in each occupation she

identified.  This is not an error that can now be attributed to the ALJ.  Furthermore, any alleged error

is inconsequential because the ALJ also found that Conley could perform her past relevant work at

step four.

19 - OPINION AND ORDER

In summary, the ALJ's finding that Conley could perform work in the national economy is based upon an adequate RFC assessment and supported by appropriate vocational testimony. These findings are sustained.

## **CONCLUSION**

The Commissioner's decision that Conley did not suffer from disability and is not entitled to benefits under Titles II and XVI of the Social Security Act is based upon correct legal standards and supported by substantial evidence. The Commissioner's decision is AFFIRMED and the case is dismissed.

IT IS SO ORDERED.

Dated this _____19th_____ day of September, 2007.

_/s/ Garr M. King_____
Garr M. King
United States District Judge

20 - OPINION AND ORDER